# Arnold & Porter

Kent A. Yalowitz
+1 212.836.8344 Direct
Kent.Yalowitz@arnoldporter.com

July 31, 2019

Hon. Analisa Torres
Hon. Andrew L. Carter, Jr.
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

>   Re:   *Lovati et al v. Bolivarian Republic of Venezuela*, Nos. 19 Civ. 4793 (ALC)
>         and 19 Civ. 4796 (ALC)

Dear Judges Torres and Carter:

I write on behalf of Defendant, the Bolivarian Republic of Venezuela ("Republic"), to suggest reassignment of the above-referenced cases from Judge Carter to Judge Torres. We also suggest that the Court may wish to vacate, *sua sponte*, Judge Carter's order concerning service of process on the Republic.

## Background

The Republic faces several complaints seeking damages arising out of the Republic's current inability to meet debt obligations. Two such complaints are currently pending before Judge Torres, the first of which was filed in 2018. More may be filed.

The parties in those first two cases met with Judge Torres on June 26, 2019, and, following an exchange of letters, Judge Torres entered a scheduling order to address the plaintiffs' intended motion for summary judgment and the Republic's intended motion for a temporary stay. Copies of those letters are attached.

The newly filed cases (currently pending before Judge Carter) also seek damages for nonpayment of debt securities. On June 11, 2019, Judge Carter ordered that service of process be made on the Republic at its Embassy.

## Assignment

The division of business among the judges of this Court is governed by this Court's Rules for the Division of Business Among District Judges. *See* 28 U.S.C. § 137(a). Rule 13(a) of those Rules provides, in part,

> (1) General Rule. Subject to the limitations set forth below, a civil
> case . . . will be deemed related to one or more other civil cases . . . when

# Arnold & Porter

Hon. Analisa Torres
Hon. Andrew L. Carter, Jr.
July 31, 2019
Page 2

> the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses . . . * * *
>
> (2) Limitations on General Rule. Notwithstanding paragraph (a)(1):
>
> (A) Civil cases shall not be deemed related merely because they involve common legal issues or the same parties.
>
> (B) Other than cases subject to Rule 4(b)[1] and actions seeking the enforcement of a judgment or settlement in or of an earlier case, civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal). * * *

In addition, Rule 14 permits transfer from one member of the Court to another upon consent of the receiving judge.

Under Rule 13, "the interests of justice and efficiency will be served" by assignment to Judge Torres. *See* Rule 13(a)(1). The following factors obtain:

(A) the actions all concern "the same or substantially similar parties, property, transactions or events," namely debt securities that the Republic issued under the same substantially the same contractual documentation;

(B) there will be "substantial factual overlap" in these cases, particularly with respect to relief that may be sought by the Republic, such as the current humanitarian emergency and unparalleled economic collapse in Venezuela, the Guaidó administration's plan to address claims against the Republic, the Guaidó administration's limited access to Venezuela's financial and other resources, and U.S. foreign policies concerning Venezuela and orderly, consensual debt restructuring processes;

---

[1] Rule 4(b) does not apply here. It provides, in part: "An action, case or proceeding may not be dismissed and thereafter refiled for the purpose of obtaining a different judge. If an action, case or proceeding, or one essentially the same, is dismissed and refiled, it shall be assigned to the same judge. It is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk."

**Arnold & Porter**

Hon. Analisa Torres
Hon. Andrew L. Carter, Jr.
July 31, 2019
Page 3

(C) the Republic "could be subjected to conflicting orders," if multiple judges of this Court are asked to resolve the stay or other issues in multiple iterations of these cases; and

(D) for the reasons described above, "absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court."

We also note that prior complex sovereign debt cases in this Court have been deemed related. For example, debt cases against the Republic of Argentina were assigned to Judge Griesa.[2]

## Service of Process

The Court granted plaintiffs' *ex parte* request in the above-captioned cases to authorize service of process on the Embassy. Such service does not satisfy the require-

---

[2] *See, e.g.*, Case Nos. 02 Civ. 1773 (TPG), 02 Civ. 3804 (TPG), 02 Civ. 3808 (TPG), 02 Civ. 4124 (TPG), 03 Civ. 1680 (TPG), 03 Civ. 2507 (TPG), 03 Civ. 4693 (TPG), 03 Civ. 6268 (TPG), 03 Civ. 8120 (TPG), 03 Civ. 8845 (TPG), 03 Civ. 9538 (TPG), 04 Civ. 1077 (TPG), 04 Civ. 3313 (TPG), 04 Civ. 3314 (TPG), 04 Civ. 6137 (TPG), 04 Civ. 6594 (TPG), 04 Civ. 7504 (TPG), 05 Civ. 177 (TPG), 05 Civ. 178 (TPG), 05 Civ. 2434 (TPG), 05 Civ. 2943 (TPG), 05 Civ. 3089 (TPG), 05 Civ. 3955 (TPG), 05 Civ. 4085 (TPG), 05 Civ. 4246 (TPG), 05 Civ. 4299 (TPG), 05 Civ. 4466 (TPG), 05 Civ. 5197 (TPG), 05 Civ. 6002 (TPG), 05 Civ. 6200 (TPG), 05 Civ. 6599 (TPG), 05 Civ. 8195 (TPG), 05 Civ. 8687 (TPG), 05 Civ. 10636 (TPG), 06 Civ. 207 (TPG), 06 Civ. 3196 (TPG), 06 Civ. 3197 (TPG), 06 Civ. 3198 (TPG), 06 Civ. 3276 (TPG), 06 Civ. 6032 (TPG), 06 Civ. 6466 (TPG), 06 Civ. 7100 (TPG), 06 Civ. 7151 (TPG), 06 Civ. 7792 (TPG), 07 Civ. 98 (TPG), 07 Civ. 689 (TPG), 07 Civ. 937 (TPG), 07 Civ. 1910 (TPG), 07 Civ. 2690 (TPG), 07 Civ. 2693 (TPG), 07 Civ. 2715 (TPG), 07 Civ. 5807 (TPG), 07 Civ. 6563 (TPG), 07 Civ. 7248 (TPG), 07 Civ. 10656 (TPG), 07 Civ. 10657 (TPG), 07 Civ. 11327 (TPG), 07 Civ. 11382 (TPG), 07 Civ. 11495 (TPG), 07 Civ. 11497 (TPG), 08 Civ. 440 (TPG), 08 Civ. 2541 (TPG), 08 Civ. 3302 (TPG), 08 Civ. 4902 (TPG), 08 Civ. 5436 (TPG), 08 Civ. 6625 (TPG), 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG), 09 Civ. 8275 (TPG), 09 Civ. 8299 (TPG), 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG), 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 4101 (TPG), 10 Civ. 4300 (TPG), 10 Civ. 4782 (TPG), 10 Civ. 5338 (TPG), 10 Civ. 8339 (TPG), 10 Civ. 9587 (TPG), 11 Civ. 4908 (TPG), 11 Civ. 8817 (TPG), 13 Civ. 8887 (TPG), 14 Civ. 8946 (TPG), 14 Civ. 8947 (TPG), 14 Civ. 8630 (TPG), 14 Civ. 8303 (TPG), 14 Civ. 8242 (TPG), 14 Civ. 4092 (TPG), 14 Civ. 4091 (TPG), 14 Civ. 7258 (TPG), 14 Civ. 10016 (TPG), 14 Civ. 10064 (TPG), 14 Civ. 7637 (TPG), 14 Civ. 8739 (TPG), 14 Civ. 1109 (TPG), 14 Civ. 3127 (TPG), 14 Civ. 5849 (TPG), 14 Civ. 5963 (TPG), 14 Civ. 7164 (TPG), 14 Civ. 7166 (TPG), 14 Civ. 7169 (TPG), 14 Civ. 7171 (TPG), 14 Civ. 7739 (TPG), 14 Civ. 8243 (TPG), 14 Civ. 8601 (TPG), 14 Civ. 8988 (TPG), 14 Civ. 9093 (TPG), 14 Civ. 9855 (TPG), 14 Civ. 10141 (TPG), 14 Civ. 10201 (TPG), 15 Civ. 710 (TPG), 15 Civ. 1470 (TPG), 15 Civ. 1471 (TPG), 15 Civ. 1508 (TPG), 15 Civ. 1553 (TPG), 15 Civ. 1588 (TPG), 15 Civ. 2369 (TPG), 15 Civ. 2577 (TPG), 15 Civ. 2611 (TPG), 15 Civ. 3523 (TPG), 15 Civ. 3932 (TPG), 15 Civ. 4284 (TPG), 15 Civ. 4654 (TPG), 15 Civ. 4767 (TPG), 15 Civ. 5190 (TPG), 15 Civ. 5886 (TPG), 15 Civ. 6702 (TPG), 15 Civ. 7367 (TPG), 16 Civ. 1042 (TPG), 16 Civ. 1192 (TPG), 16 Civ. 1436 (TPG).

# Arnold & Porter

Hon. Analisa Torres
Hon. Andrew L. Carter, Jr.
July 31, 2019
Page 4

ments of 28 U.S.C. § 1608(a)(3), which governs service of process on foreign sovereigns. *See Republic of Sudan v. Harrison*, 139 S. Ct. 1048 (2019).

      It is the Republic's view, in light of President Trump's recognition of Juan Guaidó as the legitimate leader of the Republic of Venezuela, and the refusal of former president Nicolás Maduro to relinquish control of Venezuela's foreign ministry, that the only available method of service currently available against the Republic is set forth in 28 U.S.C. § 1608(a)(4).

      Because the Republic has not been served, the Republic will not appear and defend the above-referenced cases at this time. However, we did wish to bring these matters to the attention of the Court to assist in the efficient management of the Court's business.

      Respectfully submitted,

Kent A. Yalowitz

cc:  All ECF Counsel