| | | |
|---|---|---|
| NEW YORK | **DuaneMorris** | ATLANTA |
| LONDON | | BALTIMORE |
| SINGAPORE | | WILMINGTON |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | MIAMI |
| CHICAGO | | BOCA RATON |
| WASHINGTON, DC | | PITTSBURGH |
| SAN FRANCISCO | ANTHONY J. COSTANTINI | NEWARK |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1032 | LAS VEGAS |
| SAN DIEGO | PERSONAL FAX: +1 212 202 4715 | CHERRY HILL |
| SHANGHAI | E-MAIL: AJCostantini@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | www.duanemorris.com | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |
| | | SRI LANKA |
| | | ALLIANCE WITH |
| | | GOWERS INTERNATIONAL |

May 17, 2022

<u>VIA ECF</u>

United States Magistrate Judge Valerie Figueredo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1660
New York, NY 10007-1312

   Re: **Lovati et al v. The Bolivarian Republic of Venezuela – 19-cv-04793**
      **Lovati et al v. The Bolivarian Republic of Venezuela – 19-cv-04796**

Your Honor:

  We are counsel to Rudy Lovati and Alessandro Lucibello Piani, the plaintiffs in the above-captioned litigations. I am writing pursuant to Rule II.c of your Honor's Individual Practices, on behalf of Mr. Lovati, who has objected to two supplemental questions on written deposition on the grounds that the questions seek information that has been previously furnished to the defendant, Republic of Venezuela (the "Republic"), and that goes well beyond the pale in terms of discoverable information. As discussed further below, the parties have met and conferred a number of times, and have come to an impasse. Consequently, plaintiff Rudy Lovati is now submitting a Letter-Motion requesting a pre-motion discovery conference in furtherance of a motion for a protective order pursuant to Rule 26(c).

  In these related cases, plaintiffs seek to recover on defaulted bonds issued by the Republic. Last November, plaintiffs produced documents, including statements from two third party banks, which statements show their current holdings and how and when they acquired the bonds at issue. Subject to objections, the two plaintiffs also served interrogatory responses on November 8, 2021. The parties met and conferred concerning the sufficiency of one such interrogatory response, namely a question concerning the amount, on a percentage basis, that the Republic's or its affiliates' bonds comprised plaintiffs' investment portfolio. (D.E. 66, 19-cv-4793) Because discovery was slated to close on December 10, 2021, the parties agreed to a brief extension of the discovery schedule so that the Republic could take depositions by written questions of the two current plaintiffs (both of whom reside abroad). (D.E. 67, 19-cv-4793). Five months later, we are calling on the Court.

DUANE MORRIS LLP

1540 BROADWAY  NEW YORK, NY 10036-4086      PHONE: +1 212 692 1000  FAX: +1 212 692 1020
DM3\8712244

DuaneMorris

United States Magistrate Judge Valerie Figueredo
May 17, 2022
Page 2

    The Republic propounded those questions in December of last year. There were forty-three written questions in total for each respective plaintiff, going well beyond merely the extent to which the Republic's or its affiliates' bonds comprised plaintiffs' investment portfolio. Plaintiffs objected to the scope, relevance and the intrusive nature of the questioning by letter dated January 7, 2021, but ultimately provided fulsome written responses. Apparently, the information was sufficient for one plaintiff (Alessandro Lucibello Piani) but the Republic requested additional information about Rudi Lovati's business activities. Mr. Lovati therefore provided a Declaration about his activities and an official document respecting his appointment as a liquidator for various Italian companies. Still not satisfied, the Republic propounded two supplemental written questions to which Mr. Lovati objected.

    As they had previously done, the parties met and conferred to see if they could reach some sort of an agreement on the discovery dispute, most recently by telephone on Friday, May 13. Mr. Lovati was represented by myself and my partner, Rudolph Di Massa, while the Republic was represented by Kent Yalowitz, Catherine McCarthy, and Stephen Wirth. We had requested the conference on May 5, when we served objections to the supplemental questions. Mr. Yalowitz agreed to our request on May 10, suggesting that we meet and confer on May 13 because of a scheduling conflict that he had. Just before the conference, Mr. Yalowitz provided a written statement of his position. The conference started at 4:00 P.M. and lasted about one-half hour. At the end of the conference, Mr. Yalowitz, in response to various questions that both Mr. Di Massa and I asked, said that if we didn't understand what he really wanted, he could not help further. We informed Mr. Yalowitz that it appeared that the parties were at an impasse and that we would probably request the Court's intervention, but we also advised that we would read his most recent letter again to see whether there were any ground for compromise. On May 17, 2022, we confirmed to Mr. Yalowitz that we were at an impasse.

    Deposition Question 44 asks of plaintiff Rudy Lovati the source of his wealth and, if one source was income, a description of any businesses that were the source of his income. That question was objected to as asked and answered. In response to Deposition Question No. 13, Mr. Lovati had previously testified that his wealth was derived from his work, investments he had made, inheritances, and gifts from family members. As to his income from businesses, he earlier testified as to the thirteen businesses at which he had worked over the years. When asked at the most recent meet and confer as to what further information Mr. Lovati could provide, the Republic could not articulate a response other than to say that Mr. Lovati held a large dollar amount of bonds, there had been a number of intra-family transfers, and that Mr. Lovati's name appeared in a criminal indictment against others (in the latter case, Mr. Lovati explained under oath that he was never charged with a crime, but was asked to testify in a criminal case with respect to a defendant to whom he had provided professional services). At the meet and confer, counsel was orally advised that Mr. Lovati and other family members had received a very large settlement in a bond default case against the Republic of Argentina.

    Deposition Question 45 asked Mr. Lovati what Venezuelan bonds he had bought himself and which ones had been transferred to him by other family members. This was also objected to

DuaneMorris

United States Magistrate Judge Valerie Figueredo
May 17, 2022
Page 3

as asked and answered, since the documents Mr. Lovati previously produced included confirmation statements from his banks, which show on their face the Venezuelan bonds Mr. Lovati purchased, together with the purchase price of these bonds. The confirmation statements also show the bonds transferred by other family members, the accounts from which they were transferred, and the dates of said transfers. As to the bonds transferred, Mr. Lovati previously testified to his understanding of the source of funds that had been used for the purchase by other family members (Deposition Question 13) and the rationale for these purchases (Deposition Question 18). When asked at the meet and confer what further information was needed, defense counsel could only respond that there had been a lot of transfers and that he did not know the transferor (despite the fact that Mr. Lovati had provided a list of accounts and had testified as to his understanding of the ownership of each account about which he was specifically asked). Defense counsel also said that if we did not understand what he wanted by now, we would never understand it.

Beyond the specifics of the two questions asked, there is the fundamental issue of the purpose of the questions. There is irrefutable proof of the current ownership of the bonds provided by plaintiffs' prior testimony they are not a nominee for any other person – testimony confirmed in bank statements from a third party bank, as well as an authorization to sue from another third party that is the nominal owner of all the Venezuelan bonds. There is no question of a default by the Republic, which is obligated to pay on the bonds even were there any evidence that the bonds had been somehow illegally acquired (the Republic's counsel admit that they are not aware of any such evidence).

Based on the foregoing recitation, we request the Court's intervention so that we may move forward with the prosecution of these matters.

Very truly yours,

/s Anthony J. Costantini
Anthony J. Costantin

AJC/gg

cc:  Rudolph J. Di Massa, Jr., Esq.
     David T. McTaggart, Esq.
     Kent A. Yalowitz, Esq.
     Stephen K. Wirth, Esq.
     Catherine E. McCarthy, Esq.
         (*via ECF*)

Application Granted

Valerie Figueredo, U.S.M.J.
DATED: 5/18/22

A discovery conference is scheduled for Thursday, June 2, 2022 at 3:30 p.m. Defendant's response to Plaintiff's letter shall be filed no later than Tuesday, May 24, 2022.