UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGIO LOVATI, et al.,

                *Plaintiffs*,

    v.

THE BOLIVARIAN REPUBLIC OF VENEZUELA,

                *Defendant*.

No. 19-cv-4793-ALC-VF

No. 19-cv-4796-ALC-VF


# PLAINTIFFS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT


DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
(212) 692-1000

*Attorneys for Plaintiffs*

*Table of Contents*

Page

Table of Authorities ................................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 2

     A.    Plaintiffs Own Bonds Issued by the Republic ........................................................ 2

     B.    The Republic's Default on Plaintiffs' Bonds......................................................... 3

     C.    Plaintiffs' Lawsuits ................................................................................................ 5

     D.    As of August 18, 2022, the Republic Owes Plaintiff Rudi Lovati $67,543,912.24 and It Owes Plaintiff Alessandro Lucibello Piani $6,886.03......... 6

ARGUMENT ............................................................................................................................... 7

     I.    PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT .......................... 7

          A.    Standard for Summary Judgment................................................................ 7

          B.    The Republic Defaulted on the Bonds and Plaintiffs Are Entitled to Summary Judgment............................................................ 9

               1.    Plaintiffs and the Republic are parties to an enforceable contract .............................................................. 10

               2.    The Republic has breached its contractual obligations................. 10

               3.    Plaintiffs have been damaged by the Republic's contractual breaches...................................................................... 12

CONCLUSION......................................................................................................................... 13

*Table of Authorities*

**Cases**   *Page(s)*

*Allan Applestein TTEE FBO D.C.A. Grantor Tr. v. Province of Buenos Aires*,
   No. 02 Civ. 1773, 2003 WL 1990206 (S.D.N.Y. Apr. 29, 2003) ............................................. 12

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................................... 7-8

*Applestein v. Province of Buenos Aires*,
   415 F.3d 242 (2d Cir. 2005) ................................................................................................. 10

*Arch Ins. Co. v. Precision Stone, Inc.*,
   584 F.3d 33 (2d Cir. 2009) ..................................................................................................... 9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................... 7

*Chickpen, S.A. v. Bolivarian Republic of Venezuela*,
   No. 21 Civ. 597, 2022 WL 1684275 (S.D.N.Y. May 26, 2022) ........................................ 11-12

*Connolly v. Calvanese*,
   515 F. App'x 62 (2d Cir. 2013) .............................................................................................. 7

*Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*,
   603 F.3d 169 (2d Cir. 2010) ................................................................................................. 10

*Crespo v. Republic of Argentina*,
   No. 07 Civ. 11457, 2015 WL 4998552 (S.D.N.Y. Aug. 21, 2015) ....................................... 10

*Dixon v. Pac. Mut. Life Ins. Co.*,
   268 F.2d 812 (2d Cir. 1959) ................................................................................................. 11

*Dvoskin v. Prinz*,
   205 A.D.2d 661, 613 N.Y.S.2d 654 (2d Dep't 1994) ............................................................. 8

*EM Ltd. v. Republic of Argentina*,
   382 F.3d 291 (2d Cir. 2004) ................................................................................................... 9

*Hanwha Corp. v. Cedar Petrochemicals, Inc.*,
   760 F. Supp. 2d 426 (S.D.N.Y. 2011) .................................................................................... 7

*Humphreys v. Cablevision Sys. Corp.*,
   553 F. App'x 13 (2d Cir. 2014) .............................................................................................. 7

*Page(s)*

*Jeffreys v. City of N.Y.*,
   426 F.3d 549 (2d Cir. 2005) ............................................................................................. 8

*Lang v. Ret. Living Publ'g Co.*,
   949 F.2d 576 (2d Cir. 1991) ............................................................................................. 7

*Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*,
   595 F.3d 458 (2d Cir. 2010) ........................................................................................... 10

*Lightwater Corp. v. Republic of Argentina*, Nos.
   02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932,
   2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ................................................................. 12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ......................................................................................................... 8

*Mazzini v. Republic of Argentina*,
   No. 03 Civ. 8120TPG, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005),
   *aff'd*, 282 F. App'x 907 (2d Cir. 2008) .................................................................... 10, 12

*MMA Consultants 1, Inc. v. Republic of Peru*,
   245 F. Supp. 3d 486 (S.D.N.Y.),
   *aff'd*, 719 F. App'x 47 (2d Cir. 2017) ............................................................................. 9

*Mun. Cap. Appreciation Partners, I, L.P. v. Page*,
   181 F. Supp. 2d 379 (S.D.N.Y. 2002) .............................................................................. 9

*NML Cap., Ltd. v. Republic of Argentina*,
   699 F.3d 246 (2d Cir. 2012) ............................................................................................. 9

*NML Cap. v. Republic of Argentina*,
   17 N.Y.3d 250, 928 N.Y.S.2d 666 (2011) ................................................................. 6, 12

*Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*,
   109 F.3d 850 (2d Cir. 1997) ............................................................................................. 9

*U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*,
   369 F.3d 34 (2d Cir. 2004) ............................................................................................... 9

*Valley Nat'l Bank v. Greenwich Ins. Co.*,
   254 F. Supp. 2d 448 (S.D.N.Y. 2003) .............................................................................. 8

*W.W.W. Assocs., Inc. v. Giancontieri*,
   77 N.Y.2d 157, 565 N.Y.S.2d 440 (1990) .................................................................... 10

*Page(s)*

*Weinstock v. Columbia Univ.*,
   224 F.3d 33 (2d Cir. 2000)..................................................................................................8

*Wolfson v. Bruno*,
   844 F. Supp. 2d 348 (S.D.N.Y. 2011).................................................................................8

*Statutes and Other Authorities*

CPLR § 5001(a) ............................................................................................................................6, 12

CPLR § 5004.................................................................................................................................6, 12

Fed. R. Civ. P. 15(b) .....................................................................................................................6, 11

Fed. R. Civ. P. 56(a) .........................................................................................................................7

Fed. R. Civ. P. 56(c) .........................................................................................................................8

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs Rudi Lovati and Alessandro Lucibello Piani ("Plaintiffs") respectfully move this Court for the entry of summary judgment on their breach of contract claims in two related litigations against the Defendant Bolivarian Republic of Venezuela (the "Republic").  As shown below, there can be no dispute that the Republic is in breach of contract for failing to make contractually-mandated coupon interest payments on bonds held by Plaintiffs and issued by the Republic.  Plaintiffs therefore seek summary judgment in the amount of all accrued and unpaid interest on the bonds at issue, plus pre-judgment interest on the outstanding interest payments, dating from the Republic's persistent and uncured defaults beginning in 2017.

## PRELIMINARY STATEMENT

Plaintiffs are the owners of certain bonds issued by the Republic pursuant to two separate Fiscal Agency Agreements (defined below as "1997 FAA" and "2001 FAA").  Although the bonds are not due to mature until 2023 and 2027 (respectively the "2023 Bonds" and the "2027 Bonds"), their terms require the Republic to make coupon payments every six months up through the bonds' maturity dates.  The Republic is in breach of its semi-annual payment obligations, having failed to make any of the required coupon payments since 2017.  The Republic has ignored Plaintiffs' demands for payment.  Therefore, rather than risk application of any statute of limitations by waiting until the bonds' maturity, Plaintiffs filed these related lawsuits on May 23, 2019 to recover the missed coupon payments.

Discovery has proven that the Republic has no valid defenses to its breached obligations.  Indeed, the Republic's Answers in both related cases did not even assert any affirmative defenses.  Plaintiffs therefore are entitled to the entry of a judgment against the Republic for total outstanding interest payments on the 2023 Bonds and the 2027 Bonds, plus interest that has accrued on the missed interest payments.

## STATEMENT OF FACTS

**A.     Plaintiffs Own Bonds Issued by the Republic**

Plaintiffs Rudi Lovati and Alessandro Lucibello Piani together own more than $125 million worth of bonds issued by the Republic. (August 18, 2022 Statement of Material Facts in Support of Motion for Summary Judgment ("SOMF") ¶¶ 1, 21, 27.) The Republic issued such bonds pursuant to the terms of two Fiscal Agency Agreements: (a) a Fiscal Agency Agreement, dated as of July 25, 2001, as amended, entered into by and among the Republic, Banco Central de Venezuela, as official financial agent of the Republic, and Deutsche Bank Trust Company Americas, f/k/a/ Bankers Trust Company and Deutsche Bank AG, as fiscal agents and principal paying agents ("2001 FAA"); and (b) a Fiscal Agency Agreement, dated as of September 3, 1997, as amended, entered into by and among the Republic, Banco Central de Venezuela, as official financial agent of the Republic, and BNY Mellon Global Corporate Trust (previously, The Chase Manhattan Bank) ("1997 FAA"). (*Id.* ¶ 2.) Both the 2001 FAA and the 1997 FAA are governed by, and to be construed in accordance with, the laws of the State of New York. (*Id.* ¶ 3.)

The Bonds issued by the Republic pursuant to the 2001 FAA bear ISIN USP17625AA59, bear a coupon rate of 9% per annum, and will mature on May 7, 2023 ("2023 Bonds"). (SOMF ¶ 6.) The Bonds issued by the Republic pursuant to the 1997 FAA bear ISIN US922646AS37, bear a coupon rate of 9.25% per annum, and will mature on September 15, 2027 ("2027 Bonds"). (*Id.* ¶ 7.) Both the 2023 Bonds and the 2027 Bonds impose semi-annual interest coupon payment obligations upon the Republic until their maturity dates. (*Id.* ¶ 8.) For the 2023 Bonds, the Republic agreed to make interest payments to bondholders at a 9% coupon rate every May 7 and November 7, through maturity on May 7, 2023. (*Id.*) With respect to the 2027 Bonds, the Republic agreed to make interest payments to bondholders at a 9.25% coupon rate every March

15 and September 15, through maturity on September 15, 2027.  (*Id.*)

Plaintiff Rudi Lovati currently owns $76,509,400 of the 2023 Bonds and $49,827,000 of the 2027 Bonds.  (SOMF ¶¶ 19, 25.)  Plaintiff Alessandro Lucibello Piani owns $600.00 of the 2023 Bonds and $13,000 of the 2027 Bonds.  (*Id.* ¶¶ 20, 26.)  Together, Plaintiffs own $76,510,000 of the 2023 Bonds and $49,840,000 of the 2027 Bonds.  (*Id.* ¶¶ 21, 27.)

Plaintiffs have both testified that no other person has any interest in these Bonds and that neither of them is acting as a nominee.  (SOMF ¶ 29.)  On or about February 1, 2021, Cede & Co, an affiliate of the Depository Trust Corporation ("DTC"), which is the nominal owner of the 2023 Bonds and 2027 Bonds, issued letters authorizing Plaintiffs "to take any and all actions and exercise any and all rights and remedies" with respect to such Bonds.  (*Id.* ¶¶ 22, 28.)

**B.  The Republic's Default on Plaintiffs' Bonds**

The Republic is in breach of its contractual obligations to pay interest to Plaintiffs. (SOMF ¶ 9.)  As mentioned, the 2023 Bonds require the Republic to make interest payments to bondholders at a 9% coupon rate every May 7 and November 7, through maturity on May 7, 2023, and the 2027 Bonds require the Republic to make interest payments to bondholders at a 9.25% coupon rate every March 15 and September 15, through maturity on September 15, 2027. (*Id.* ¶ 8.)

With respect to the 2023 Bonds currently held by Rudi Lovati, the Republic has failed to make interest payments due November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, November 7, 2021 and May 7, 2022.  (SOMF ¶ 30.)  The total amount of missed interest payments on Rudi Lovati's 2023 Bonds is $34,429,257.00 and, with accrued pre-judgment interest, the Republic owes Rudi Lovati $42,273,473.46.  (*Id.*)

3

With respect to the 2023 Bonds currently held by Alessandro Lucibello Piani, the Republic has failed to make interest payments due May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, November 7, 2021 and May 7, 2022. (SOMF ¶ 31.) The total amount of missed interest payments on Alessandro Lucibello Piani's 2023 Bonds is $243.00 and, with accrued pre-judgment interest, the Republic owes Alessandro Lucibello Piani $292.90. (*Id.*)

With respect to 2027 Bonds currently held by Rudi Lovati, the Republic has failed to make interest payments due March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, March 15, 2021, September 15, 2021, and March 15, 2022. (SOMF ¶ 32.) The total amount of missed interest payments on Rudi Lovati's 2027 Bonds is $20,740,488.75 and, with accrued pre-judgment interest, the Republic owes Rudi Lovati $25,270,438.78. (*Id.*)

With respect to the 2027 Bonds currently held by Alessandro Lucibello Piani, the Republic has failed to make interest payments due March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, March 15, 2021, September 15, 2021, and March 15, 2022. (SOMF ¶ 33.) The total amount of missed interest payments on Alessandro Lucibello Piani's 2027 Bonds is $5,411.25 and, with accrued pre-judgment interest, the Republic owes Alessandro Lucibello Piani $6,593.13. (*Id.*)

By letters dated January 25, 2019 and February 8, 2019, Plaintiffs provided written notice to the Republic's Fiscal Agents under the 2001 FAA (Deutsche Bank Trust Company Americas) and under the 1997 FAA (BNY Mellon Global Corporate Trust) advising the Republic that it was in default on making interest payments on the 2023 Bonds and the 2027 Bonds, and demanding immediate payment on the outstanding interest obligations. (SOMF ¶ 10.) By letters

dated February 13, 2019, Plaintiffs provided written notice directly to the Republic advising the Republic that it was in default on making interest payments on the 2023 Bonds and the 2027 Bonds, and demanding immediate payment on the outstanding interest obligations. (*Id.* ¶ 11.) Despite the foregoing demands, the Republic has failed to make any payment of interest on either the 2023 Bonds or the 2027 Bonds since 2017. (*Id.* ¶¶ 9, 30-33.)

      C.      **Plaintiffs' Lawsuits**

Pursuant to the express terms of both the 1997 FAA and the 2001 FAA, the Republic: (a) consented to the personal jurisdiction of this Court; (b) waived sovereign immunity to the fullest extent permitted by law; and (c) agreed that its payment obligations would be governed by and construed in accordance with the laws of the State of New York. (SOMF ¶¶ 3-5.)

Therefore, on May 23, 2019, Plaintiffs filed two related Complaints against the Republic based on the Republic's breach of its semi-annual interest payment obligations under the 2023 Bonds and 2027 Bonds and seeking damages in the form of all accrued and unpaid interest, as well as interest on interest. (SOMF ¶ 13.) The 2023 Bonds are at issue in Civil Case No. 1:19-cv-4793 and the 2027 Bonds are at issue in Civil Case No. 1:19-cv-4796. (*Id.*) The Republic was served with papers through diplomatic channels on May 21, 2021. (D.E. 58 in 19-cv-4793; D.E. 63 in 19-cv-4796.) The Republic answered both Complaints on July 21, 2021. (D.E. 59 in 19-cv-4793; D.E. 64 in 19-cv-4796.) Its Answers asserted no affirmative defenses. (SOMF ¶ 14.)

When the Complaints were filed, two of Plaintiffs' other family members were also parties to these related lawsuits: Sergio Lovati and Alessandra Sarago Lovati. (SOMF ¶ 15.) After the lawsuits were filed, but before the Republic was served with the Complaints, Sergio Lovati and Alessandra Sarago Lovati transferred all of their holdings in the 2023 Bonds and the

2027 Bonds to Rudi Lovati.[1]  (*Id.* ¶ 15.)  By stipulation entered with the Court on November 4, 2021, the parties agreed that Plaintiffs did not need to amend the Complaint to reflect the foregoing transfers.  (*Id.* ¶ 16.)  Rather, the parties agreed to deem Sergio Lovati and Alessandra Sarago Lovati as dismissed from the lawsuit and agreed further that the pleadings would be conformed to reflect the evidence of the transfers upon the entry of judgment pursuant to Fed. R. Civ. P 15(b).  (*Id.*)  We respectfully request the Court to enter such a judgment now, and request that the judgment further reflect the continued missed interest payments that have arisen since May 23, 2019.

### D. As of August 18, 2022, the Republic Owes Plaintiff Rudi Lovati $67,543,912.24 and It Owes Plaintiff Alessandro Lucibello Piani $6,886.03

Plaintiffs seeks judgment on the 2023 Bonds and 2027 Bonds in the amount of (1) unpaid interest coupons, and (2) pre-judgment interest at the statutory rate of 9% pursuant to N.Y. CPLR §§ 5001(a) and 5004 accruing on each recoverable unpaid interest coupon.  Plaintiffs have calculated their proposed judgment amounts in accordance with the holding of the New York Court of Appeals in *NML Cap. v. Republic of Argentina*, 17 N.Y.3d 250, 928 N.Y.S.2d 666 (2011).

Those figures, as of August 18, 2022, which are based on the detailed calculations set forth in Exhibits 9-12 to the Lovati and Piani Declarations submitted in connection with this motion, are as follows:

---

[1] In particular, Sergio Lovati transferred to Rudi Lovati his holdings of $34,974,700 of the 2023 Bonds and $21,646,000 of the 2027 Bonds on or about September 30, 2020.  (SOMF ¶¶ 17, 23.) Alessandra Sarago Lovati transferred her holdings of $3,460,000 of the 2023 Bonds and $6,535,000 of the 2027 Bonds on or about August 13, 2019.  (*Id.* ¶¶ 18, 24.)

| Plaintiff | Bond | Aggregate Missed Interest Payments | Accrued Interest on Interest | Total Damages |
|---|---|---|---|---|
| Lovati | 2023 Bonds | $34,429,257.00 | $7,844,216.46 | $42,273,473.46 |
| Lovati | 2027 Bonds | $20,740,488.75 | $4,529,950.04 | $25,270,438.78 |
| Piani | 2023 Bonds | $243.00 | $49.90 | $292.90 |
| Piani | 2027 Bonds | $5,411.25 | $1,181.88 | $6,593.13 |

Interest on the outstanding payment obligations continues to accrue. (SOMF ¶¶ 30-33.) Further, the Republic remains bound by its semi-annual payment obligations until the maturity date of the 2023 Bonds and 2027 Bonds. The next due dates are September 15, 2022 (on the 2027 Bonds) and November 7, 2022 (on the 2023 Bonds). Plaintiffs reserve the right to update their damages calculations prior to the entry of judgment to account for future interest owed them.

## ARGUMENT

I. **PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT**

　　A. **Standard for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Humphreys v. Cablevision Sys. Corp.*, 553 F. App'x 13, 14 (2d Cir. 2014); *Connolly v. Calvanese*, 515 F. App'x 62, 62 (2d Cir. 2013); *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 580 (2d Cir. 1991).

In order to defeat a motion for summary judgment, the Republic "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and they may not rely on conclusory allegations or unsubstantiated speculation." *Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426, 430 (S.D.N.Y. 2011) (ellipses in original) (quoting

7

*Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005)). "Instead, the non-moving party must 'cit[e] to particular parts of materials in the record' to show that 'a fact . . . is generally disputed.'" *Wolfson v. Bruno*, 844 F. Supp. 2d 348, 353 (S.D.N.Y. 2011) (ellipses in original) (quoting Fed. R. Civ. P. 56(c)); *see, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (at summary judgment, "[t]he time has come . . . 'to put up or shut up'") (citation omitted). "While 'disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted.'" *Wolfson*, 844 F. Supp. 2d at 354 (alterations in original) (quoting *Anderson*, 477 U.S. at 248).

Summary judgment is particularly appropriate for the resolution of debt claims like this one. *See, e.g.*, *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotation marks and citation omitted); *Dvoskin v. Prinz*, 205 A.D.2d 661, 661, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon.") (citation omitted).

As set forth below, the undisputed facts in the record establish that the Republic defaulted on the 2023 Bonds and 2027 Bonds by failing to make contractually-mandated interest payments on the bonds. Accordingly, Plaintiffs are entitled to summary judgment finding that the Republic in breach of contract and awarding Plaintiff a judgment for the outstanding interest on the 2023

8

Bonds and 2027 Bonds, and interest on such interest running from the dates of the breached semi-annual payment obligations.

### B. The Republic Defaulted on the Bonds and Plaintiffs Are Entitled to Summary Judgment

New York law governs the Republic's payment obligations concerning the 2023 Bonds and 2027 Bonds. (SOMF ¶ 5.) "'In New York, a bond is a contract . . . .'" *NML Cap., Ltd. v. Republic of Argentina*, 699 F.3d 246, 257-58 (2d Cir. 2012) (quoting *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 n.4 (2d Cir. 2009)); *see also MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 517 (S.D.N.Y.) ("A bond is, of course, a contract, and the obligations and rights of the parties are thus defined by the terms of the bond."), *aff'd*, 719 F. App'x 47 (2d Cir. 2017); *cf. Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 855 (2d Cir. 1997) ("[T]he United States has a strong interest in ensuring the enforceability of valid debts under the principles of contract law, and in particular, the continuing enforceability of foreign debts owed to United States lenders."). As such, a claim for a breach of bond obligations turns on a "simple question of contract interpretation." *NML Cap., Ltd.*, 699 F.3d at 258 (quoting *EM Ltd. v. Republic of Argentina*, 382 F.3d 291, 292 (2d Cir. 2004)); *see also Arch Ins. Co.*, 584 F.3d at 39 n.4 ("In New York, a bond is a contract and we therefore 'look to standard principles of contract interpretation to determine the rights and obligations of a surety under a bond.'") (quoting *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 51 (2d Cir. 2004)).

To prevail on their claims, Plaintiffs must "prove the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach." *Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 390 (S.D.N.Y. 2002). There can be no reasonable dispute that Plaintiffs have satisfied each element.

9

### 1. *Plaintiffs and the Republic are parties to an enforceable contract*

Plaintiffs have presented evidence establishing the existence of their contractual relationship with the Republic through their sworn testimony and their account statements establishing that they are the owner of the 2023 Bonds and 2027 Bonds. *See, e.g.*, *Crespo v. Republic of Argentina*, No. 07 Civ. 11457 (TPG), 2015 WL 4998552, at *2 (S.D.N.Y. Aug. 21, 2015) (finding account statements to be sufficient proof of ownership for purposes of obtaining a judgment on bonds); *Mazzini v. Republic of Argentina*, No. 03 Civ. 8120TPG, 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005) ("In most cases, a properly executed declaration and an account statement will be sufficient to prove that the bonds plaintiffs claim to own are in fact the bonds held in their accounts."), *aff'd*, 282 F. App'x 907 (2d Cir. 2008). Plaintiffs also provided sworn deposition testimony attesting that neither of them is acting as a nominee and that no other person has an interest in the bonds at issue. (SOMF ¶ 29.) Furthermore, consistent with the operable provisions of the 1997 FAA and 2001 FAA, the DTC, through its nominee, Cede & Co., issued letters expressly authorizing Plaintiffs "to take any and all actions and exercise any and all rights and remedies" with respect to their beneficial interests in the bonds. (*Id.* ¶¶ 22, 28.) Such authorization letters are sufficient evidence of Plaintiffs' standing to enforce their rights to payment under the bonds. *See, e.g.*, *Applestein v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005).

### 2. *The Republic has breached its contractual obligations*

After the existence of the contract is established, the "initial question for the court on a motion for summary judgment with respect to a contract claim is whether the contract is unambiguous with respect to the question disputed by the parties." *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) (quoting *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010)); *see also W.W.W. Assocs., Inc. v. Giancontieri*, 77

N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (1990) ("A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms.").

Here there can be no dispute that the Republic was required to make semi-annual interest payments on the 2023 Bonds and 2027 Bonds. Specifically, under the terms of the Prospectus governing the 2023 Bonds, interest payments were to be made at a bi-annual rate of 9% on May 7 and November 7 of every year until the 2023 Bonds mature. (SOMF ¶¶ 6, 8.) Under the terms of the Prospectus governing the 2027 Bonds, interest payments were to be made on the 2027 Bonds at a bi-annual rate of 9.25% on March 15 and September 15 of every year until the 2027 Bonds mature. (*Id*. ¶¶ 7-8.)

Nor can there be any dispute that the Republic is in breach of the foregoing contractual obligations. The Republic has failed to make interest payments on the 2023 Bonds held by Plaintiffs owed on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, November 7, 2021 and May 7, 2022.[2] The Republic also has failed to make interest payments on the 2027 Bonds held by Plaintiffs owed on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, March 15, 2021, September 15, 2021, and March 15, 2022. In short,

---

[2] Although the Complaints allege only defaulted payments as of May 2019, the Court's entry of summary judgment order can and should reflect the Republic's post-filing defaults consistent with Rule 15 of the Federal Rules of Civil Procedure. *See, e.g.*, *Dixon v. Pac. Mut. Life Ins. Co.*, 268 F.2d 812, 817 (2d Cir. 1959) (permitting supplementation of pleading to capture "damages up to the date of trial"); *Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 Civ. 597 (AT), 2022 WL 1684275, at *4 (S.D.N.Y. May 26, 2022) (finding that "plaintiffs can recover interest that has been earned between the filing of the complaint and the final judgment" so "the Court can also award as damages the missed interest payments between the filing of the complaint and the entry of judgment"). Pursuant to the same Rule, we respectfully request that the Court's judgment account for the post-Complaint assignments to Rudi Lovati of the rights transferred by Sergio Lovati and Alessandra Sarago Lovati. (SOMF ¶ 16.)

the Republic is in breach of the clear terms of governing the 2023 Bonds and the 2027 Bonds. *See, e.g.*, *Mazzini*, 2005 WL 743090, at *4; *Lightwater Corp. v. Republic of Argentina*, Nos. 02 Civ. 3804 (TPG), 02 Civ. 3808 (TPG), 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *Allan Applestein TTEE FBO D.C.A. Grantor Tr. v. Province of Buenos Aires*, No. 02 Civ. 1773(TPG), 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003); *see also Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 Civ. 597 (AT), 2022 WL 1684275 (S.D.N.Y. May 26, 2022) (entering default judgment against Republic based on failure to make contractually-required bond payments).

3. *Plaintiffs have been damaged by the Republic's contractual breaches*

Based on the Republic's breaches, Plaintiffs are entitled to a judgment for the amount of all accrued and unpaid interest, and all pre-judgment interest that has accrued on the missed interest payments running from the date of the breaches. In particular, the New York Court of Appeals has determined that statutory interest, at the rate of 9% under N.Y. CPLR §§ 5001(a) and 5004, is recoverable on unpaid interest that became before a bond's maturity. *See NML Cap.*, 17 N.Y.3d 250, 928 N.Y.S.2d 666. Plaintiffs' request for summary judgment and the calculations supporting that request are consistent with the foregoing authorities, by setting forth the amount owed as of August 18, 2022, together with a *per diem* interest amount that will run on the August 18 calculation in the event judgment issues at a later date.[3] Those figures, as of August 18, 2022, which are based on the detailed calculations set forth in Exhibits 9-12 to the accompanying Lovati and Piani Declarations, are as follows:

---

[3] Plaintiffs reserve the right to supplement their damage figures based on any future breaches of the Republic's semi-annual payment obligations that arise after August 18, 2022 and before the entry of judgment.

| Plaintiff | Bond | Aggregate Missed Interest Payments | Accrued Interest on Interest | Total Damages |
|---|---|---|---|---|
| Lovati | 2023 Bonds | $34,429,257.00 | $7,844,216.46 | $42,273,473.46 |
| Lovati | 2027 Bonds | $20,740,488.75 | $4,529,950.04 | $25,270,438.78 |
| Piani | 2023 Bonds | $243.00 | $49.90 | $292.90 |
| Piani | 2027 Bonds | $5,411.25 | $1,181.88 | $6,593.13 |

Consistent with those authorities, the Court is respectfully requested to grant summary judgment here.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiffs' motion for summary judgment as to the Republic's default and enter a monetary judgment against the Republic in the amount of all unpaid interest due and owing on the defaulted bonds, including accrued prejudgment interest on interest.

Dated: New York, New York
August 18, 2022

DUANE MORRIS LLP

By:   /s Anthony J. Costantini
     Anthony J. Costantini
     Rudolph J. DiMassa, Jr.
     David T. McTaggart
1540 Broadway
New York, New York 10036
Phone: (212) 692-1000
Email: ajcostantini@duanemorris.com
       DiMassa@duanemorris.com
       dtmctaggart@duanemorris.com

*Attorneys for Plaintiffs*