UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO LOVATI, et al.,<br><br>       Plaintiffs,<br><br>-against-<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | 19-CV-4793 (ALC)<br>19-CV-4796 (ALC)<br><br>**AMENDED OPINION AND ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

  Sergio Lovati, Rudi Lovati ("Lovati"), Alessandra Sarago Lovati, and Alessandro Lucibello Piani ("Piani") (collectively, "Plaintiffs") bring this action against the Bolivarian Republic of Venezuela ("Republic" or "Defendant"), alleging that the Republic failed to make interest payments on certain bonds held by Plaintiffs pursuant to a July 25, 2001 Fiscal Agency Agreement ("FAA") entered into by the Republic. (Compl., ECF No. 1.)[1]  Plaintiffs moved for summary judgment on August 18, 2022. (ECF No. 85.)  For the reasons stated below, Plaintiffs' motion is **GRANTED**. [2]

BACKGROUND

  **I.**  **Factual Background**

    A. The Bonds

  Plaintiffs Rudi Lovati and Alessandro Lucibello Piani own bonds worth more than $125 million dollars ("Bonds") that were issued by the Republic. (R. 56.1 Stmt., ECF No. 90 ¶¶ 1, 21,

---

[1] All citations to the ECF record will refer to 19-CV-4793 unless otherwise indicated.
[2] This opinion and order amends and supersedes the previous version filed on March 6, 2023 at ECF No. 110.

27.) The Bonds were issued pursuant to two FAA Agreements—one dated July 25, 2001 (the "2001 FAA") and the second dated September 3, 1997 (the "1997 FAA"). (*Id.* ¶ 2.)

The Bonds issued pursuant to the 2001 FAA, ISIN USP17625AA59, will mature on May 7, 2023 ("2023 Bonds") and bear a coupon rate of 9% per annum. (*Id.* ¶ 6.) The Bonds issued by the Republic pursuant to the 1997 FAA, ISIN US922646AS37, will mature on September 15, 2027 ("2027 Bonds") and bear a coupon rate of 9.25% per annum. (*Id.* ¶ 7.) Pursuant to the terms of the Bonds, the Republic must make semi-annual interest coupon payments until the Bonds reach their respective maturity dates. (*Id.* ¶ 8.) For the 2023 Bonds, the Republic agreed to make interest payments to bondholders at a 9% coupon rate annually on May 7 and November 7 until May 7, 2023. (*Id.*) For the 2027 Bonds, the Republic agreed to make coupon payments to bondholders at a 9.25% coupon rate annually on March 15 and September 15 until the maturity date on September 15, 2027. (*Id.*)

B. The Alleged Default

Plaintiffs allege that the Republic has not made interest payments due pursuant to the 2023 and 2027 Bonds since 2017. (*Id.* ¶ 9.) Specifically, as to the 2023 Bonds held by Lovati, the Republic has not made the coupon payments due on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, November 7, 2021 and May 7, 2022. (*Id.* ¶ 30.) As to the 2023 Bonds held by Piani, the Republic has not made the coupon payments due on May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, May 7, 2021, November 7, 2021 and May 7, 2022. (*Id.* ¶ 31.) As to the 2027 Bonds held by Lovati, the Republic has not made the coupon payments due on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, March 15, 2021, September 15, 2021, and March 15, 2022.

(*Id.* ¶ 32.) As to the 2027 Bonds held by Piani, the Republic has not made the coupon payments due on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, March 15, 2021, September 15, 2021, and March 15, 2022. (*Id.* ¶ 33.)

Plaintiffs provided written notice of the default to the Republic's fiscal agents via letter on January 25, 2019 and February 8, 2019. (*Id.* ¶ 10.) Plaintiffs also provided written notice of the default directly to the Republic via letter on February 13, 2019. (*Id.* ¶ 11.)

## II.     Procedural History

Plaintiffs commenced these related actions on May 23, 2019, alleging four claims of breach of contract. (Compl., ECF No. 1.)[3] By stipulation dated November 4, 2021, the parties agreed that Sergio Lovati and Alessandra Sarago Lovati would be dismissed from the actions following the transfer of their holdings in the 2023 Bonds and 2027 Bonds to Lovati. (Rule 56.1 Stmt., ECF No. 90 ¶¶ 15–16; ECF No. 65.)

After the conclusion of discovery, Plaintiffs moved for summary judgment on August 18, 2022. (Mot., ECF No. 90.) Plaintiffs asked the Court to find for Plaintiffs as to the Republic's default on the bonds and to enter a monetary judgment in the amount of all unpaid interest due under the 2023 Bonds and 2027 Bonds, including accrued prejudgment interest. (*See generally*, Pls.' Mem., ECF No. 91.) After an extension, Defendant filed a response indicating that it did not oppose summary judgment and that the parties had agreed on an amended damages computation, and asking the Court to include language in the final judgment used in connection with the Argentina debt litigation in 05-CV-8195 (TPG) *Lovati v. The Republic Argentina*. (*See generally* Def.'s Mem., ECF No. 104.) On reply, Plaintiffs argued, for the first time, that the award should

---

[3] 1:19-CV-4793 asserts causes of action related to the 2023 Bonds and 1:9-CV-4796 asserts causes of action related to the 2027 Bonds. (56.1 Stmt., ECF No. 90 ¶ 13.)

include an award of reasonable attorney's fees and a declaratory judgment with respect to future payments owed under the Bonds. (*See generally* Pl.'s Reply, ECF No. 108.) Defendants filed a motion to file a sur-reply asking the Court to deny Plaintiffs' request for declaratory relief. (Def.'s Reply, ECF No. 109-1.) Given the new issues raised in Plaintiffs' reply, Defendant's motion to file a sur-reply at ECF No. 109 is **GRANTED**.

## LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. *See Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also Anderson*, 477 U.S. at 248 (holding that a fact is material if it would "affect the outcome of the suit under the governing law"). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating

the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal citations and quotation marks omitted).

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citing *Anderson*, 477 U.S. at 255)). Courts may not assess credibility, nor may they decide between conflicting versions of events, because those matters are reserved for the jury. J*effreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252).

## DISCUSSION

### I. Liability[4]

Plaintiffs seek summary judgment on its claims that Defendant breached its obligations due under the 2023 Bonds and 2027 Bonds. (*See generally* Pls.' Mem., ECF No. 91.) Defendant concedes that Plaintiffs are entitled to summary judgment based on the undisputed facts in this case. (Def.'s Mem., ECF No. 104 at 2–3.) Nonetheless, the Court is obligated to review the record to ensure that Plaintiffs are entitled to a summary judgment. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("We hold that Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default judgment principles. Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.")

---

[4] The Republic expressly waived its sovereign immunity pursuant to the terms of the bonds and consented to the jurisdiction of this Court. (*Id.* ¶¶ 3–4.)

The Court finds that Plaintiffs are entitled to summary judgment on their breach of contract claims. "'In New York, a bond is a contract . . . .'" *NML Cap., Ltd. v. Republic of Argentina*, 699 F.3d 246, 257–58 (2d Cir. 2012) (quoting *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 n.4 (2d Cir. 2009)). "Under New York law, to establish a breach of contract a plaintiff must plead and prove the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach." *Mun. Capital Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 390 (S.D.N.Y. 2002).

The undisputed evidence shows that Plaintiffs are holders of the 2023 Bonds and 2027 Bonds, which require coupon payments to be made on a fixed schedule. (R. 56.1 Stmt., ECF No. 90 ¶¶ 1, 8 21, 27, 29). Additionally, Plaintiffs have provided uncontroverted evidence that Defendant has failed to make any of the contractually required coupon payments since 2017 and that they have suffered damages as a result. (*Id.* ¶¶ 9, 30–33). This proffered evidence is sufficient to find Defendant liable for breach of contract. *See Contrarian Cap. Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, No. 19-CV-11018 (AT), 2020 WL 5849013, at *5 (S.D.N.Y. Oct. 1, 2020).

**II.   Damages**

Plaintiffs seek a combined total of $150,484,258.40 in damages, calculated as of December 31, 2022, including pre-judgment pursuant to N.Y. CPLR §§ 5001(a) and 5004. (Pl.'s Reply, ECF No. 108 at 2.) Plaintiffs argue that they are also entitled to a per diem amount of $15,022.21, consisting of statutory prejudgment interest and coupon interest, until final judgment is entered in this case. (*Id.*)

In its response papers, Defendant indicated that the parties had agreed to the calculation of damages as follows:

| Plaintiff | Bond | Aggregate Missed Interest Payments | Accrued Interest on Interest | Total Damages as of December 31, 2022 | Per Diem Interest |
|---|---|---|---|---|---|
| Lovati | 2023 Bonds | $37,872,153.00 | $9,036,116.49 | $46,908,269.49 | $9,338.34 |
| Lovati | 2027 Bonds | $23,044,987.50 | $5,281,153.49 | $28,326,140.99 | $5,682.33 |
| Piani | 2023 Bonds | $270.00 | $58.35 | $328.35 | $0.07 |
| Piani | 2027 Bonds | $6,012.50 | $1,377.87 | $7,390.37 | $1.48 |
| Totals | | $ 60,923,423.00 | $14,318,706.19 | $75,242,129.19 | $15,022.21 |

(Def.'s Mem., ECF No. 104 at 3; Pl.'s Reply, ECF No. 108 at 2.) Accordingly, upon review of Plaintiffs' proffered evidence, the Court finds that Plaintiffs may recover $75,242,129.19 in damages (including prejudgment interest), calculated as of December 31, 2022, and $15,022.21 per day until final judgment is entered.

### III. Form of the Final Judgment

Defendant also asks the Court to include injunctive language in the final judgment which would restrict Plaintiffs' ability to transfer their interest in the bonds without Court approval. (Def.'s Mem., ECF No. 104 at 4.) Plaintiffs consent to the inclusion of this language in the final judgment (Pl.'s Mem., ECF No. 108 at 2); however, neither party has filed a proposed judgment for the Court to review. As outlined below, the parties may submit a proposed judgment for the Court's consideration by **May 2, 2023**.

Additionally, in their reply, Plaintiffs ask the Court to issue a declaratory judgment with respect to the calculation of damages on any future defaults due under the 2023 Bonds and 2027 Bonds. (Pl.'s Reply., ECF No. 108 at 4.) However, this request is procedurally improper. First, it is well-settled that parties may not raise arguments for the first time in reply papers. *See Keefe on Behalf of Keefe v. Shalala*, 71 F.3d 1060, 1066 (2d Cir. 1995) ("Normally, we will not consider

arguments raised for the first time in a reply brief, let alone after oral argument.")  Second, Plaintiffs have not explained the basis for the Court to award a declaratory judgment here where the Complaint does not include a cause of action for declaratory judgment and the initial motion for summary judgment is predicated solely on Plaintiffs' causes of action for breach of contract.  Thus, because this request is beyond the scope of the current motion, the Court will not address the merits of Plaintiffs' request at this juncture.  Plaintiffs may bring further issues within the scope of the proposed judgment for the Court's consideration by a new motion, if necessary.  *See Niv v. Hilton Hotels Corp.*, No. 06 CIV. 7839 (PKL), 2007 WL 2077003, at *1 (S.D.N.Y. July 18, 2007).  Likewise, the Court will not entertain Plaintiffs' request for attorneys' fees at this time.  (Pls.' Reply, ECF No. 108 at 3.)  This request was also raised for the first time on reply, does not ask for a sum certain, and does not include any affidavits or other facts on which the Court could base an award of attorneys' fees.  *See Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed); *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011) (awards of reasonable attorneys' fees require contemporaneous billing records).

## CONCLUSION

Accordingly, for the reasons stated above, Plaintiffs' motion for summary judgment is **GRANTED**.  Plaintiff is directed to file their proposed judgment by **May 2, 2023**.  If Defendant objects to the form of the proposed judgment, it may file a letter motion explaining the basis for its objection by **May 6, 2023**.  Plaintiffs may file a reply by **May 8, 2023**.

The Clerk of Court is respectfully to docket this opinion and order in both related cases and cases and to terminate the pending motions at ECF Nos. 85 and 109 in 19-cv-04793 and ECF

Nos. 90 and 113 in 19-cv-04796.

**SO ORDERED.**

**Dated: March 23, 2023**
     **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**